UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHONDELL RAMONE HILL,

   Plaintiff,

 v.

              Case No. 19-cv-1775-pp

STATE OF WISCONSIN,

   Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

  The plaintiff, who is representing herself, filed a complaint alleging religious discrimination, dkt. no. 1, along with a motion to proceed without prepaying the filing fee, dkt. no. 4. The court will grant the motion to proceed without prepaying the filing fee and dismiss the complaint for failure to state a claim.

**I. Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 4)**

  To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that she is not married and has a twenty-four-year-old daughter to whom she provides monthly support of between $38 and $152. Dkt. No. 4 at 1, 2. She states that she has a monthly

1

income of between zero and $592 from "Staff Up America," "Staffing Partners" and "One Source." Id. at 2. She says her expenses are the support for her daughter and what appears to be a monthly phone bill of $65. Id. She owns no other property and has $11 in a checking account. Id. at 3. Under the "Other Circumstances" section, the plaintiff states that

> [t]he costs of basic weekly expenses of food to assist family and bus fare to work on days allowed such as a two day work week in which I am usually neglected as of October or November of 2018. This is also cruel and unusual punishment of staff of religious discrimination and or discrimination.

Id. at 4.

The court concludes that the plaintiff does not have the ability to pay the filing fee.

## II. Screening the Complaint

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

2

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The caption of the complaint names as a defendant the State of Wisconsin. Dkt. No. 1 at 1. The first words of the complaint say, "Respondent(s); the United States Government." Id.

In the body of the complaint, the plaintiff alleges that she is providing the court with an announcement letter addressed to the President detailing that she is "The Anti-Christ." Id. at 2. She alleges that Kimberly Ann Hull, D.O.B. May 30, 1980, "is the female 'Anti-Christ' known as the whore of Revelations in Revelations of the Christian Bible." Id. The plaintiff explains that "us Christ's" have telepathic powers and can hear each other's thoughts, "to fulfill our God's religious, orders and duties. To carry forward righteously and not wickedly." Id. The plaintiff asserts, however, that Kimberly uses her mind-reading power to cooperate with corrupt law enforcement "in order to complete a plea agreement from catching felonies of passing out a deadly disease such as H.I.V." Id. The plaintiff asserts that in return for the plea agreements, "it has been understood that the world government wants to keep a secret that us Christ prophets are born of either white power or black power." Id. The plaintiff says that "she"—

3

the court assumes she means Kimberly Hull—is of Native American power, whereas the plaintiff is born of Black power. Id.

The plaintiff says that "she"—again, presumably Kimberly Hull—once told the plaintiff that "world government does not want people knowing of this truth that's been hidden from the general public for centuries and that they favor white power prophets . . . and also that they favor the gods known as Universe, Zeus, and Yehamis over the god I am born from which is Satan, and for her its Yehamis." Id.

The plaintiff alleges that "we both"—presumably the plaintiff and Kimberly Hull—started hearing the voices of their god in 2015 and 2016 after they had sex. Id. at 3. The plaintiff says that she used protection but later found that out that "she"—presumably Kimberly Hull—had HIV. Id. The plaintiff says that when she was released from incarceration on January 7, 2018, she noticed undercover law enforcement living in more than twenty houses around her neighborhood. Id. She says she spoke with Kimberly through their minds and Kimberly admitted that she had used the plaintiff to save herself from trouble with Green Bay law enforcement, as well as "other problems that are supposedly (Mob) related as far as crooked cops, gangster's and enemies." Id.

The plaintiff asserts that the plaintiff's issues are not "the same," but that "her"—presumably Kimberly Hull's—problems have become the plaintiff's problems. Id. The plaintiff references harassment by criminal justice following her every day, cutting her off "from passing out Bible scriptures," interrupting

4

her affairs with the community and the public "by overcrowding nearby parking lots and businesses" such as three particular gas stations in the 53204 area code. Id. The plaintiff says that Kimberly Hull has told her on a regular basis that federal law enforcement "issued" Hull to report the plaintiff's directions that she travels every day, to stop her from handing out her Bible verses. Id.

The plaintiff claims that there always are "too many criminal justice investigators" at the three gas stations. Id. at 4. She says there has been a "deep decline" of customers and lost business "due to religious discrimination." Id. As a result, the plaintiff say she is going to file a notice of "intent of injury from [herself] and other suffering mental health, stress, depression, and anxiety" of the daily discrimination and harassment continue. Id. The plaintiff says she hopes the court will "contact all branches of government who runs the criminal justice programs rather it be legislative, executive and judicial," or she will "move forward with legal action exercising all constitutional rights of said violations." Id.

The complaint asserts that the plaintiff is suing for religious discrimination under the Civil Rights Act or 1964 and Title VII, 42 U.S.C. §1981(a), Section 706 or 717 of the Civil Rights Act of 1964, 42 U.S.C. 2000 E-5, 2000e-16 "against a respondent who engaged in unlawful intentional discrimination." Id. at 1.

The plaintiff attached to the complaint a two-page document addressed to "The United States President, Mr. Donald Trump" at 1600 Pennsylvania Avenue N.W. in Washington, D.C. Dkt. No. 1-1 at 1. In this letter, the plaintiff

5

states that several religious texts—including the Christian Bible, the Quar'an, "Masonry" and "Jewish Literacy"—prophesied "through Yeheshua known as Jesus about a descendent(s) of a 'Christ' to come." Id. She warns the President to "keep close watch as to the conduct of Ms. Hull who also has a twin sister who are out to destroy the Kings of the Bible of modern times" Id. at 1-2. The plaintiff advises the President that he is one of the Kings of the Bible of modern times. Id. at 2. She says that "these two women are out to bring destruction" to the President, with their main, two strategies being fraud of copywritten materials, income taxes, the banking system "as far as theft of identity," and spready a deadly sexually transmitted disease, "supposedly H.I.V." Id.

The plaintiff asserts that this is her "official clarification and warning to the U.S. Constitution to reduce the curses on the United States of America." Id. She says that different "Christs" delegate different powers between the living and the dead; she says she is the most powerful "Christ" since Yeheshua. Id. She says that "this woman" has been "abusing our powers of telepathic thought or telepathy that's connected to the visions we have in our sleep." Id.

The complaint does not allege what the State of Wisconsin or the United States government did to her. She indicates that she is suing for religious discrimination, but does not say who discriminated against her or how. She does not say who violated her civil rights or how they did so. She appears to allege that Kimberly Hull is engaging in misconduct, but she does not explain whether Kimberly Hull works for the State of Wisconsin or the federal government.

6

The plaintiff lists 42 U.S.C. §1981(a) in the complaint. That statute says that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." The plaintiff has not alleged that anyone denied her the right to make contracts, to sue, to be a party, to give evidence or to have equal benefit of all laws. Section 1981(a) has nothing to do with religious discrimination.

The plaintiff mentions Title VII of the Civil Rights Act of 1964. Title VII "forbids employers from discriminating based on race, color, religion, sex, or national origin." Elzeftawy v. Pernix Group, Inc., Case No. 18-cv-06971, 2020 WL 4572345, at *14 (N.D. Ill. 2020) (citing Abrego v. Wilkie, 907 F.3d 1004, 1012 (7th Cir. 2018)). The plaintiff has not alleged that Kimberly Hull is her employer or that her employer is discriminating against her based on race, color, religion, sex or national origin—her compliant does not mention a job.

The plaintiff mentions §§706 *or* 717 of the Civil Rights Act of 1964, as well as 42 U.S.C. §2000 E-5, 2000e-16. Section 706(k) of the Civil Rights Act was amended via 42 U.S.C. §2000e-5; it provides the enforcement provisions for Title VII discrimination claims. Similarly, §717 was amended via 42 U.S.C. §2000e-16, and prohibits discrimination in hiring practices. These are *employment discrimination* statutes. The plaintiff has not alleged that she

7

applied for a job but was discriminated against, or that she had a job in which she was discriminated against. Again, she seems to allege that someone named Kimberly Hull is using her telepathic powers to make law enforcement officers follow and spy on the plaintiff and coerce her into plea agreements. None of the statutes she cites have anything to do with the allegations in the complaint.

The plaintiff may believe that Kimberly Hull is up to no good. If so, she may sue Kimberly Hull in the appropriate court. But she has not stated a claim for which a federal court can provide relief. Because this court does not have the authority to grant the plaintiff relief, it must dismiss her complaint.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED** for failure to state a claim upon which relief can be granted by this court. The court will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 20th day of August, 2020.

                                        **BY THE COURT:**

                                        **HON. PAMELA PEPPER**
                                        **Chief United States District Judge**